# IN THE COURT OF APPEALS OF IOWA

No. 21-0706
Filed May 11, 2022

**JAMES LEE MACLIN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Mary Chicchelly, Judge.

James Maclin appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

David R. Fiester of the Law Office of David R. Fiester, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Badding, J., and Scott, S.J.* Chicchelly, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

After being convicted of one count of attempted murder, two counts of willful injury causing serious injury, and one count of assault causing serious injury (which was a lesser-included offense of attempted murder), James Maclin filed an application for postconviction relief (PCR). He asserted his criminal trial counsel provided ineffective assistance in failing to present expert testimony on the issue of diminished capacity, by "opening the door" to prior-bad-acts testimony, and in failing to request an "acquittal first" jury instruction after a jury question. He now appeals the dismissal of his PCR application.

We review claims of ineffective assistance of counsel de novo. *State v. Kuhse*, 937 N.W.2d 622, 627 (Iowa 2020). "In order to support a claim of ineffective assistance of counsel, a defendant must show (1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *Id.* at 628 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). "Both elements must be proven by a preponderance of the evidence." *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001). Thus, if Maclin fails to prove either element, his ineffective-assistance claim fails. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). We presume counsel performed competently. *Id.*

This court previously summarized the facts of the underlying criminal case: "On March 8, 2007, Maclin stabbed his girlfriend . . . in the chest, and repeatedly stabbed [a man] in the head[, neck, and chest]. Both suffered near-fatal injuries. Maclin admitted the stabbings to several people, including law enforcement officers." *State v. Maclin*, No. 09-0755, 2010 WL 2383516, at *1 (Iowa Ct. App.

June 16, 2010). Maclin reported using methamphetamine heavily leading up to the day of the attacks.

Maclin's defense attorney filed a notice of temporary insanity, diminished responsibility, and intoxication. Before trial, Maclin was examined by Dr. Timothy Kockler on behalf of the State and by Dr. Henry Lahmeyer on behalf of the defense to determine if Maclin was competent to stand trial. The court ruled Maclin was competent to go to trial.

In preparing for trial, defense counsel provided Dr. Lahmeyer with additional information and reports and asked him to testify concerning Maclin's defenses. Dr. Lahmeyer informed defense counsel "from a psychiatric standpoint, he was not going to be able to provide testimony that he thought would be beneficial to Mr. Maclin." Though Dr. Lahmeyer believed Maclin was psychotic, he informed defense counsel "he felt that all the other information [counsel] had provided that he was not going to be able to provide any testimony for Mr. Maclin in regards to diminished capacity or insanity." Defense counsel was unable to locate an expert witness who would testify in support of Maclin's defenses.

At the criminal trial, evidence showed Maclin was diagnosed with methamphetamine-induced psychosis and antisocial-personality disorder. Dr. Kockler was asked at trial, "Did you see anything in your review of [Maclin's] records that indicated to you that on . . . March 8, 2007, that Mr. Maclin was unable to form specific intent?" The expert responded, "No."

On appeal here, Maclin asserts trial counsel was ineffective in failing to find an expert to support his claim he was unable to form specific intent before filing the diminished-responsibility defense. "To prove counsel failed to perform an

essential duty, the defendant 'must show that counsel's performance was deficient,' meaning counsel 'made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *Kuhse*, 937 N.W.2d at 628 (quoting *Strickland*, 466 U.S. at 687). We will not conclude Maclin's trial counsel failed to perform an essential duty after he diligently pursued mental-health defense experts,[1] especially when Maclin is still unable to present an expert who could testify in support of his diminished-responsibility claim.[2] Maclin's assertions of what would have been "the best and most reasonable defense strategy" is the type of Monday-morning quarterbacking courts are to avoid. *See Hinkle v. State*, 290 N.W.2d 28, 30 (Iowa 1980).

At the criminal trial, defense counsel attempted to support the theory Maclin had sustained a head injury two months before the assaults, causing significant changes in his behavior. Defense counsel—in consultation with Maclin—asked questions of Maclin's former girlfriend about their relationship. The trial court allowed "limited questioning" of the witness by the State into prior acts of violence between her and Maclin.

---

[1] Defense counsel and his staff reached out to more than a dozen providers. The experts counsel was able to speak to informed counsel "it appeared to not be a viable defense." The district court concluded defense counsel "demonstrated diligence beyond the range of normal competency" and that "[h]is lack of success in procuring such an expert to testify was not due to any incompetence or lack of effort on his part."

[2] Maclin did present the testimony by Dr. Mark Mills, who reviewed Maclin's psychological evaluation and jail and prison medical records. Dr. Mills concurred Maclin was psychotic at the time of the offense and opined "in Mr. Maclin's case, it would be critical to elucidate his mental states prior to crimes for which he was convicted" because, "had a forensic psychiatrist been called as a witness for the defense in Mr. Maclin's criminal trial, the expert *could have* explained that methamphetamine *can* induce psychosis or aggravate existing psychosis, and then to explain how that psychosis typically alters a person's ability to think."

On appeal here, Maclin asserts trial counsel was ineffective by asking the former girlfriend if Maclin had held her by knifepoint at any time in the previous six years of their relationship and opening the door to prior-bad-acts testimony. Maclin argues, "Given that intent to kill and willfully injure [the woman] and [man] was the disputed issue in the case, opening the door to evidence of past assaultive conduct by him was prejudicial to the defense."

It is enough to point out that though proof of prior acts of violence is not admissible to prove a person's propensity; it is admissible, however, to prove intent, absence of mistake or lack of accident. *See* Iowa R. Evid. 5.404(b). As Maclin notes, intent was a disputed issue, and the State was allowed to question the witness within admissible parameters. *See State v. Richards,* 879 N.W.2d 140, 145–47 (Iowa 2016) (collecting cases affirming the admissibility of prior acts of domestic violence to prove the defendant's intent). Moreover, defense counsel's questions were asked in consultation with Maclin. *See Strickland*, 466 U.S. at 691 ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions.").

Lastly, Maclin maintains counsel was ineffective in his response to a jury question, "Do we have to find him guilty or not guilty, unanimously, on one count before we make a judgment on a lesser charge?" The court responded, "Whatever verdict you reach on each count must be unanimous" and told the jury to refer back to the instruction about considering each count separately, the instruction on alternative theories, and the marshalling instructions.

Maclin asserts defense counsel "should have taken the opportunity to ask the judge to clarify that the jury could consider the lesser included instructions

without first finding that the greater offense had not been proved." This appears to be a different claim than made at the PCR trial. Nonetheless, Maclin offers no legal authority that counsel had a duty to seek such an instruction. His ineffective-assistance-of-counsel claim thus fails.

Because Maclin has not proved his trial counsel provided constitutionally-deficient representation, we affirm the dismissal of his PCR application.

**AFFIRMED.**